UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:21-CR-00025-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| XEZAVIS WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is the parties' Joint Motion Under Guideline Amendment 821, Part A (the "Motion") [Doc. 51]. The parties agree that Defendant is eligible for a reduced term of imprisonment under 18 U.S.C. § 3582(c)(2) and Guideline Amendment 821, Part A and that the agreed-upon reduction would likely result in Defendant's immediate release. For the reasons explained herein, the Motion [Doc. 51] is **GRANTED** and Defendant's term of imprisonment shall be reduced to 80 months' incarceration.

### I. BACKGROUND

Defendant was charged with possessing a firearm as a felon, possessing with intent to distribute cocaine base, and possessing a firearm in furtherance of a drug trafficking crime. [Doc. 10]. Defendant pled guilty to count one of the Indictment, the felon-in-possession offense. [Doc. 21]. Defendant received a total offense level of 21 and a criminal history category of VI, based on 13 criminal history points, including two status points, and the Court calculated Defendant's advisory guideline range as 77 to 96 months' imprisonment and sentenced Defendant near the middle of the range to 88 months. [Doc. 36; Doc. 37]. Defendant is expected to complete his sentence on June 13, 2026. *See* Federal Bureau of Prisons, Inmate Locator, available at

1

https://www.bop.gov/inmateloc/ (accessed October 8, 2025). Defendant now seeks a sentence reduction pursuant to Guideline Amendment 821. [Doc. 51].

**II.  ANALYSIS**

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with seven or more criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant had 11 criminal history points for his prior convictions, and he received two status points because of he was on state probation when he committed the instant offense. [Doc. 28, at ¶¶ 64–66]. If sentenced today, Defendant would receive one status point under U.S.S.G. § 4A1.1, resulting in a total of 12 criminal history points

instead of 13. That would reduce Defendant's criminal history category from VI to V with an amended guideline range of 70 to 87 months.

While in custody, Defendant completed the nonresidential drug abuse program, maintained various work assignments, incurred no disciplinary sanctions, and exhibits efforts to become a meaningful member of society upon release. The parties agree that Defendant is eligible for a reduced term of imprisonment. Defendant seeks a lesser sentence of 80 months or time served, whichever is greater. The United States does not oppose the lesser sentence. Accordingly, based on the record as a whole, the Court finds that a sentence reduction to 80 months is appropriate in this case.

### III. CONCLUSION

For the reasons stated herein, the Motion [Doc. 51] is **GRANTED**. Defendant's sentence is reduced to 80 months. The entry of a separate judgment shall follow.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

3

Case 2:21-cr-00025-DCLC-CRW   Document 52   Filed 10/10/25   Page 3 of 3   PageID #: 813